**FILED**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**WESTERN DISTRICT**

MAR 1 6 2007

CLERK

| | |
|---|---|
| OGLALA SIOUX TRIBE, )<br><br>Plaintiff, )<br><br>v. )<br><br>C & W ENTERPRISES, INC., )<br><br>Defendant. ) | Case No. *CIV-07-5024* |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELEF AND TO VACATE ARBITRATOR'S ORDER

COMES NOW, Plaintiff, Oglala Sioux Tribe, by and through undersigned counsel, and for its Complaint alleges as follows:

<u>Preliminary Statement</u>

1.      This is an action by a federally-recognized Indian Tribe for relief from the improper invocation of state court jurisdiction, by a contractor seeking to confirm an arbitrator's award under the Federal Arbitration Act, 9 U.S.C. §9.  The contractor has filed, or attempted to file, a lawsuit against the Tribe in Second Judicial Circuit in Minnehaha County, to confirm orders of the arbitrator dated November 14, 2006 and January 29, 2007.  The Tribe seeks a declaratory judgment that the state court lacks jurisdiction over the Tribe and this dispute, or, alternatively, a permanent injunction prohibiting defendant from pursuing its claim against plaintiff in the state court.

1

2.     The Tribe seeks a declaratory judgment that jurisdiction for enforcement of the arbitrator's orders lies in the first instance with the Oglala Sioux Tribal Court, or, alternatively, with this court. The Tribe is entitled to an order vacating the arbitrator's award, in a court of competent jurisdiction.

3.     The defendant C & W Enterprises, Inc., had filed four claims against plaintiff before the American Arbitration Association, seeking $6 million in damages under four road construction contracts. The arbitrator, in a ruling that was unclear, unexplained, and that went far beyond his jurisdiction, awarded defendant $1.2 million in damages. See Exhibits A and B, attached hereto.

4.     The defendant filed a state court action in the Second Judicial Circuit in Minnehaha County, for an order confirming the arbitrator's award. *See* Exhibit C, attached hereto. The defendant attempted to serve legal papers upon the Oglala Sioux Tribe on February 15, 2007. However, the document had several pages missing, and as a whole was unintelligible. The whole document was delivered sometime later.   In any event, the state court lacks jurisdiction over this dispute, involving a federally-funded construction contract entered and wholly-performed on the Pine Ridge Indian Reservation.

5.     All four contracts in dispute were entered into under the authority of the Indian Self Determination and Education Assistance Act of 1975, 25 U.S.C. §450 *et seq.*

6.     Plaintiff Oglala Sioux Tribe seeks a declaratory judgment that the state court lacks jurisdiction over this dispute, or, alternatively, an injunction against the state court action; and a declaratory judgment that the Tribal Court remedies must be exhausted, or, alternatively, an order vacating the arbitrator's award.

### Jurisdiction

7.     This court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question), 25 U.S.C. §450 *et seq* (Indian Self-Determination Act contracts), 9 U.S.C. §10 (authority to vacate order of arbitrator), 28 U.S.C. §1362 (jurisdiction over causes of action by Indian Tribes) and 28 U.S.C. §§2201-2201 (declaratory judgment and injunctive relief).  There is a present and actual controversy between the parties.

### Parties

8.     Plaintiff Oglala Sioux Tribe is an Indian Tribe recognized by the United States, with its governmental headquarters located at Post Office Box 2070, Pine Ridge, South Dakota 57770.

9.     The defendant C & W Enterprises, Inc. is a road construction contractor, with its company headquarters located at Post Office Box 84826, Sioux Falls, South Dakota 57118.

### Allegations

10.     The plaintiff Oglala Sioux Tribe is the Tribal government of the Pine Ridge Indian Reservation.   It consists of over 40 federally-contracted and Tribal departments, which operate a broad range of programs on the Reservation.

11.     One such Tribal Department is the OST Department of Transportation. This program administers contracts with the Bureau of Indian Affairs, for road maintenance, rehabilitation and construction work on the Pine Ridge Indian Reservation.

These contracts are authorized by the Indian Self Determination and Education Assistance Act of 1975, 25 U.S.C. §450 *et seq.*

12.    The Pine Ridge Indian Reservation is extremely impoverished.  The U.S. Department of the Interior recently estimated the unemployment rate on the Reservation at 87 percent.  *See* Bureau of Indian Affairs, Labor Force Report (2003).

13.    The Reservation's infrastructure remains severely under developed.  The OST Department of Transportation estimates that the road construction needs on the Reservation total $120 million.  The level of annual federal appropriations for road construction fails to keep pace with the wear and tear on the roads.   Consequently, overall, the Reservation's roads are deteriorating rather than improving.

14.    The plaintiff entered four contracts with the U.S. Bureau of Indian Affairs under the Self Determination Act, for road construction work on the Reservation.  Each of these contracts contains identical "Special Conditions," which are included in the advertisement for bids.   The Special Conditions state in relevant part, "The Federal Acquisition Regulations are applicable to any subcontractor that the Tribe intends to utilize." *See* Exhibit D, attached hereto.

15.    The Federal Acquisition Regulations prohibit payments to construction contractors prior to approvals of pay requests by the federal contracting official.  48 CFR §52.232-5.

16.    The plaintiff, through its Department of Transportation, entered four subcontracts for road construction work with defendant C & W Enterprises, Inc., to perform a portion of the work identified in the four Self Determination Act contracts described in paragraph 13, above.

17.     On March 5, 2002, the plaintiff and defendant C & W Enterprises entered a contract for a project entitled "Multi-Project Gravel." *See* Exhibit E, attached hereto. This project involved the processing and hauling of gravel to various sites on the Pine Ridge Reservation. The initial amount of the contract was $2,079,377.20. The contract was entered in Pine Ridge, South Dakota.

18.     On September 6, 2002, the plaintiff and defendant C & W Enterprises entered a contract to widen and pave the roadway between Manderson and Wounded Knee communities on the Pine Ridge Reservation. *See* Exhibit F, attached hereto. The original contract amount was $2.8 million. The contract was entered in Pine Ridge, South Dakota.

19.     On October 3, 2002, the plaintiff and the defendant C & W Enterprises entered a contract for the paving of a rural intersection at Cuny Table. *See* Exhibit G, attached hereto. The contact amount was $3.2 million. The contract was entered in Pine Ridge, South Dakota.

20.     On August 13, 2003, the plaintiff and the defendant C & W Enterprises entered a contract for the project entitled "Base and Blotter." *See* Exhibit H, attached hereto. The contact amount was $1.9 million. The contract was entered in Pine Ridge, South Dakota.

21.     The Multi-Project Gravel, Manderson-Wounded Knee and Cuny Table contracts all contained identical language providing for a limited waiver of Tribal sovereign immunity for resolution of any legal dispute in the American Arbitration Association. The contracts state,

> (T)he Oglala Sioux Tribe grants a limited waiver of any and all
> disputes arising from this contract... The parties agree to bring any

> and all claims in the first instance to the Oglala Sioux Tribe
> Executive Committee for non-binding mediation, and thereafter to
> South Dakota Federal District Court, and in the absence of Federal
> Court jurisdiction, the parties agree to arbitration in accordance
> with the Construction Industry Arbitration Rules of the American
> Arbitration Association in effect at the time of this Contract. In the
> event there exists no Federal Court jurisdiction and the parties
> proceed to arbitration, the award of the arbitrator shall be final, and
> judgment may be entered upon it in accordance with the applicable
> law in any court having jurisdiction thereof.

Exhibits E - G, paragraphs 9-10.

22.     The Base and Blotter contract contains language providing for the

resolution of any legal dispute under the contract in the Oglala Sioux Tribal Court. *See*

Exhibit H. The Base and Blotter contract states in paragraphs 9 - 10,

> The Oglala Sioux Tribal Court will resolve all disputes arising
> under this contract.  Tribal substantive laws regarding contracts
> shall apply to such disputes.  If no tribal substantive laws regarding
> contracts exist, then the tribal court will apply South Dakota law as
> a guide...  The parties agree to bring any and all claims in the first
> instance to the Oglala Sioux Executive Committee for non-binding
> mediation presided over by a mutually agreed upon mediator.  If
> mediation fails, then the aggrieved party may initiate a civil action
> in the Oglala Sioux Tribal Court...

23.     The contractor failed to satisfactorily complete any of the road

construction projects.  The Bureau of Indian Affairs Contracting Officer refused to

approve final payments under any of the four contracts due to untimely and non-

compliant work by the contractor. *See* Exhibit I, attached hereto.

24.     On January 16, 2006, defendant C & W Enterprises filed a claim with the

American Arbitration Association, seeking damages of $6 million under the four

contracts. *See* Exhibits J - K, attached hereto.

6

25. On April 4, 2006, Allen L. Overcash was appointed by the American Arbitration Association, as the arbitrator for the C & W Enterprises' Demand. *See* Exhibit L, attached hereto.

26. The arbitrator issued a Scheduling Order on May 7, 2006, providing a timetable for pre-trial motions and discovery, and for a hearing on the merits to begin on August 30, 2006. *See* Exhibit M, attached hereto.

27. During the pre-trial motion phase of the arbitration, plaintiff objected to inclusion of the Base and Blotter contract claim in the arbitration, on the ground that the contract requires resolution of disputes in Tribal Court. *See* Exhibit H.  On June 23, 2006, plaintiff filed a Motion to Dismiss Base and Blotter Contract Claim before the arbitrator. *See* Exhibit N, attached hereto.

28. On July 24, 2006, the arbitrator denied the Motion to Dismiss Base and Blotter Contract Claim, on the ground that the Tribe had previously filed an Amended Answer with a counterclaim, and had filed a Position Paper (per the arbitrator's scheduling order), thereby somehow impliedly waiving its sovereign immunity on the Base and Blotter contract. *See* Exhibit O, attached hereto.

29. On May 25, 2006, the plaintiff sent a Notice of Deposition to C & W Enterprises, for the deposition of C & W Enterprises' president, to take place in at the Oglala Sioux Tribe Department of Water Maintenance and Conservation conference room, Highway 18 Pine Ridge, South Dakota, on June 16, 2006. *See* Exhibit P.

30. Defendant C & W Enterprises' refused to produce its president for the deposition.  The Tribe rescheduled the deposition for July 14, 2006, but C & W Enterprises still refused to attend.

7

31.     At an arbitration hearing on July 24, 2006, arbitrator Overcash orally denied the Tribe's request for an order requiring C & W Enterprises to produce its witness for depositions in Pine Ridge.  C & W Enterprises argued at this hearing that it should not be required to produce its witnesses in Pine Ridge because, it contended, the community is a dangerous place.  Defendant maintained this contention in spite of the fact that the contracts were all executed in Pine Ridge and for work on the Pine Ridge Indian Reservation.  The arbitrator directed the Tribe to conduct depositions at the site selected by C & W Enterprises, in Chamberlain, South Dakota.

32.     On July 24, 2006, the Tribe filed a Motion to Modify Order and Continue Hearing, to extend the time period for discovery (which had expired on July 10, 2006) and continue the arbitration hearing (scheduled for August 29, 2006), to give the Tribe the time to arrange and conduct the deposition in Chamberlain.  *See* Exhibit Q, attached hereto.

33.     On July 28, 2006, the arbitrator denied the Tribe's request to continue the hearing.  *See* Exhibit R, attached hereto.

34.     The plaintiff was forced to defend the C & W Enterprises claim without the benefit of deposing the C & W Enterprises' witness in advance.

35.     The arbitrator wrongfully refused to postpone the hearing, to give the plaintiff the opportunity to conduct depositions prior to the hearing.

36.     Plaintiff was substantially prejudiced by the arbitrator's refusal to postpone the hearing and provide a reasonable opportunity to conduct depositions and discovery in the arbitration.   The Plaintiff was afforded no advance notice of numerous factual assertions and claims made by C & W Enterprises at the arbitration hearing.

Plaintiff did not have a meaningful opportunity to defend itself and provide a defense to the claims raised during testimony, due to lack of discovery ahead of time.

37.     On August 21, 2006, the Tribe filed in the District of South Dakota for an injunction to stop arbitration of the claims for which sovereign immunity was not waived.

38.     On August 28, 2006, the Honorable Karen E. Schrier entered an Order Denying Temporary Restraining Order which dismissed the action, without prejudice, on grounds that the court lacked subject matter jurisdiction. Case No. Civ. 06-5063-KES. This Order is currently under appeal in the Court of Appeals for the Eighth Circuit.

39.     On November 14, 2006, the arbitrator issued an order awarding defendant C & W Enterprises a portion of its claim, awarding $47,342.46 under the Multi-project gravel contract, $72,720.25 under the Manderson-Wounded Knee contract, $391,354.09 for the Cuny Table contract, and $533,148.93 for the Base and Blotter contract, for a total of $1,044,565.73. *See* Exhibit B.

40.     On December 4, 2006, the defendant C & W Enterprises filed a motion to modify the arbitrator's order to add prejudgment interest, under an American Association Rule which allows the arbitrator to modify an order only for a clerical error or miscalculation.  Nevertheless, the arbitrator awarded a portion of the interest sought, through a Final Award dated January 29, 2007. *See* Exhibit A.

### First Cause of Action –Declaratory and Injunctive Relief
### Against State Court Action

41.     Plaintiff re-alleges the allegations contained in items numbered 1-40, above.

9

42.     The four contracts at issue in this dispute were entered on the Pine Ridge Indian Reservation. All construction work under the four contracts took place on the Pine Ridge Indian Reservation. All funds for the four contracts were federal monies allocated by the U.S. Bureau of Indian Affairs for road construction on the Pine Ridge Reservation. All roads subject to construction under the four contracts were Bureau of Indian Affairs' roads that are part of the federal roadway system.

43.     Upon plaintiff's information and belief, on January 29, 2007, defendant filed an "Application to Confirm Arbitrator's Award and Enter Judgment," in the Second Judicial Circuit Court, State of South Dakota, Minnehaha County. *See* Exhibit R, attached hereto. Upon plaintiff's information and belief, service of process was attempted approximately one week after February 15, 2007.

44.     The application of South Dakota law in the defendant's state court action to enforce the arbitrator's decision is pre-empted by the laws of the United States.

45.     The Second Judicial Circuit Court, described in paragraph 43 above, lacks jurisdiction over this dispute and over the Oglala Sioux Tribe.

46.     The only courts which possess jurisdiction to confirm, vacate, or modify the arbitrator's decision in this case are the Oglala Sioux Tribal Court, and this Court.

47.     As a direct consequence of the above, the plaintiff suffers severe, immediate and irreparable harm.

48.     The plaintiff lacks an adequate remedy at law.

Second Cause of Action – Declaratory Judgment that the Oglala Sioux Tribal Court
Remedies Must Be Exhausted to Confirm or Vacate Order of Arbitrator

49.　　Plaintiff re-alleges the allegations contained in items numbered 1-40, above.

50.　　The four contracts at issue in this dispute were entered on the Pine Ridge Indian Reservation.　All construction work under the four contracts took place on the Pine Ridge Indian Reservation.　All funds for the four contracts were federal monies allocated by the U.S. Bureau of Indian Affairs for road construction on the Pine Ridge Reservation.　All roads subject to construction under the four contracts were Bureau of Indian Affairs' roads that are part of the federal roadway system.

51.　　Upon plaintiff's information and belief, on January 29, 2007, defendant filed an "Application to Confirm Arbitrator's Award and Enter Judgment," in the Second Judicial Circuit Court, State of South Dakota, Minnehaha County.　See Exhibit C.　Upon plaintiff's information and belief, service of process was attempted approximately one week after February 15, 2007.

52.　　The application of South Dakota law in the defendant's state court action to enforce the arbitrator's decision is pre-empted by the laws of the United States.

53.　　The Second Judicial Circuit Court, described in paragraph 51 above, lacks jurisdiction over this dispute.

54.　　The only courts which possess jurisdiction to confirm, vacate, or modify the arbitrator's decision in this case are the Oglala Sioux Tribal Court, and this Court.

55.　　As a direct consequence of the above, the plaintiff suffers severe, immediate and irreparable harm.

56.　　The plaintiff lacks an adequate remedy at law.

11

Third Cause of Action - Vacate Order of Arbitrator

57.    Plaintiff re-alleges the allegations contained in items numbered 1-40 above.

58.    All claims for payment of defendant C & W Enterprises that were included in its Arbitration Demand have been rejected by the Bureau of Indian Affairs. All portions of the defendant's claim awarded by the arbitrator have been rejected by the Bureau of Indian Affairs.

59.    The arbitrator lacked jurisdiction to award damages under the contract because the contracts required approval by the Bureau of Indian Affairs for payments to the contractor, and the Bureau of Affairs refused to award payment.

60.    The arbitrator lacked jurisdiction over the dispute involving the Base and Blotter contract, because the contract contained a limited waiver of sovereign immunity for Tribal Court only.

61.    The arbitrator exceeded his authority and jurisdiction in awarding damages pursuant to the November 14, 2006 and January, 29, 2007 orders.

62.    The arbitrator's orders manifestly disregarded the applicable law.

63.    The arbitrator's orders are contrary to public policy.


NOW WHEREFORE, plaintiff respectfully requests judgment be entered as follows:

1.    An order declaring that the Second Judicial Circuit Court, State of South Dakota, Minnehaha County lacks jurisdiction over the defendant's "Application to

Confirm Arbitrator's Award and Enter Judgment," against the Oglala Sioux Tribe under the laws of the United States.

      2.      A permanent injunction enjoining the prosecution of C & W Enterprises v. Oglala Sioux Tribe, Second Judicial Circuit Court, State of South Dakota, due to lack of jurisdiction over the Oglala Sioux Tribe under the laws of the United States.

      3.      An order declaring that the Oglala Sioux Tribal Court is the court of competent jurisdiction to enforce, modify or vacate the order of the arbitrator, or, alternatively, an order vacating the arbitrator's decision dated November 14, 2006 and Final Award dated January 29, 2007.

      4.      Attorneys fees and costs of suit.

      5.      Such other and further relief that the court deems just and proper.

DATED this 16th of March, 2007

By: _____         _____
Brett Shelton                         Peter Capossela
Attorney at Law                   Attorney at Law
3626 Locust Street                Post Office Box 204
Rapid City, S.D. 57701          Walterville, Oregon 97489
(605) 381-6771                     (541) 896-3472

Attorneys for Plaintiff Oglala Sioux Tribe

Verification

    I, John Yellow Bird Steele, serve as President of the Oglala Sioux Tribe.  In my capacity as Tribal President, I have knowledge of the allegations contained in the afore Complaint, and aver that to my knowledge they are true, except those allegations stated upon my information and belief, which I verily believe to be true.


                        John Yellow Bird Steele
                        President, Oglala Sioux Tribe


STATE OF SOUTH DAKOTA      )
COUNTY OF SHANNON        )


SUBSCRIBED AND SWORN to before me
this 12th day of March, 2007


Karen H. Weatherman
NOTARY PUBLIC


My Commission Expires  1-23-2010

14

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## WESTERN DISTRICT

| | |
|---|---|
| OGLALA SIOUX TRIBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 07-CIV-5034 |
| | ) |
| C & W ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, Brett Lee Shelton, hereby certify that I served the Summons, Plaintiff's Complaint for Injunctive and Declaratory Relief, Motion for Temporary Restraining Order, and Points and Authorities in Support of Motion, by delivering the same to Federal Express Courier with fees paid for overnight delivery, to,

A. Russell Janklow
Johnson, Heidepriem, Janklow, Abdallah & Johnson, LLP
431 N. Phillips Avenue  Suite 400
Sioux Falls, South Dakota 57101

Dated this 16th day of March, 2007