UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE, | ) | CIV. 07-5024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO DISMISS |
| C & W ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Oglala Sioux Tribe (OST), filed a complaint against defendant, C & W Enterprises, Inc. (C & W), seeking injunctive and declaratory relief, as well as seeking to vacate the order of the arbitrator. C & W moves the court to dismiss the complaint for lack of subject matter jurisdiction. The motion is denied.

## BACKGROUND

OST, an Indian tribe recognized by the United States government, contracted with C & W, a non-Indian entity, to perform four road construction projects: Multi-Project Gravel; Manderson to Wounded Knee Project; Cuny Table Project; and Base and Blotter Project, all of which were on tribal land. OST also granted C & W a mineral rights lease entitling C & W to mine gravel on OST tribal land. All of the contracts were entered into on the Pine Ridge reservation. The contracts for the Multi-Project Gravel, the Manderson to Wounded Knee Project, and the Cuny Table

Project contain dispute resolution clauses providing for arbitration. Docket 1-1, ¶¶ 21. Those three contracts also state that if disputes result in arbitration, any decision of the arbitrator is final, and judgment can be entered accordingly in any court which has jurisdiction. Id. The Base and Blotter Project contract provides for dispute resolution before the Oglala Sioux Tribal Court. Id. at ¶ 22.

After experiencing problems, C & W demanded arbitration of four causes of action: (1) breach of the Multi-Project Gravel contract; (2) breach of the Manderson to Wounded Knee Project contract; (3) breach of the Cuny Table Project contract; and (4) breach of the Base and Blotter Project contract. C & W sought consequential damages resulting from its abandonment of aggregate that it had mined pursuant to the mineral lease and profits it lost because OST awarded a fifth construction contract to a third party, after OST failed to comply with the Indian preference requirements imposed by the Indian Self-Determination Act.

OST moved in the arbitration proceedings to dismiss the action for breach of the Base and Blotter Project contract and to dismiss the consequential damage claims. OST argued that these claims were barred by sovereign immunity. The arbitrator denied the motion to dismiss the action for breach of the Base and Blotter Project contract because the arbitrator found that OST waived its sovereign immunity. The arbitrator also denied

2

the motion to dismiss the consequential damage claims without prejudice and explicitly permitted OST to raise the sovereign immunity issue at the arbitration hearing. OST subsequently moved this court for a temporary restraining order, prohibiting arbitration of the action for breach of the Base and Blotter Project contract and the consequential damage claims (previous action). This court dismissed OST's motion for a temporary restraining order, finding that the court lacked subject matter jurisdiction. <u>Oglala Sioux Tribe v. C & W Enterprises, Inc.</u>, Civ. 06-5063 (Docket 19), <u>aff'd</u>, 487 F.3d 1129 (8th Cir. 2007).

The arbitration commenced on August 30, 2006, in Sioux Falls, South Dakota. The arbitrator found in favor of C & W on the four construction contracts. Docket 1-1, ¶ 39. C & W subsequently filed a petition to confirm the arbitration award and obtain an entry of judgment in the Second Judicial Circuit in South Dakota (state court). <u>Id.</u> at ¶ 43.

OST has filed a motion to vacate the order of the arbitrator in the Oglala Sioux Tribal Court. On March 16, 2007, OST filed the present action, seeking declaratory and injunctive relief to prevent the state court from exercising jurisdiction and enforcing the arbitration award. OST also seeks an order from this court vacating the arbitrator's judgment. C & W moves to dismiss the action filed by OST, asserting that this court lacks subject matter jurisdiction.

**DISCUSSION**

" 'Federal courts are courts of limited jurisdiction.' " Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Thus, issues of subject matter jurisdiction can be raised at any time either sua sponte or by the parties. See Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 612 (8th Cir. 2006). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the previous action, this court found that it did not have federal question subject matter jurisdiction under 28 U.S.C. § 1331 over OST's action for a temporary restraining order to prevent the arbitration from going forward. This court found that OST's attempt to affirmatively state a cause of action for declaratory and injunctive relief, based upon its claim of sovereign immunity, did not comply with the well-pleaded complaint rule. "OST cannot change the defense of sovereign immunity into a federal cause of action by filing an action seeking a declaration that C & W's arbitration violates its sovereign immunity." Oglala Sioux Tribe, Civ. 06-5063 (Docket 19) at 6-7, aff'd, 487 F.3d 1129 (8th Cir. 2007).

C & W argues that the facts of the present action compel the same result, that OST is "asking this Court once again to assume jurisdiction so as to enforce its alleged federal defense of tribal sovereign immunity against C & W's state law breach of contract claims." Docket 11 at 2. OST argues that the issue presented by its complaint "involves the determination of which court has jurisdiction to confirm, vacate or modify the arbitrator's award – this Court, the Tribal Court, or the state court." Docket 21 at 3. OST asserts that this question requires reference to federal law, and therefore the complaint properly invokes federal question subject matter jurisdiction.[1]

"The question of whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a 'federal question' under § 1331." Nat'l Farmers Union Ins. v. Crow Tribe of Indians, 471 U.S. 845, 852, 105 S. Ct. 2447, 85 L. Ed. 2d 818 (1985); Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 848 (8th Cir. 2003) ("It is well established that the scope of tribal court jurisdiction is a matter of federal law.").

---

[1] 28 U.S.C. § 1331 provides: "That the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Courts have found that federal question jurisdiction is conferred upon an action seeking to enjoin a tribal court from exercising jurisdiction over a non-Indian entity. In <u>National Farmers Union</u>, an Indian child was struck by a motorcycle while attending a state school on state property located within the boundaries of a reservation. 471 U.S. at 847. The child's guardian brought an action in tribal court and obtained a default judgment against the school district. <u>Id.</u> at 847-48. The school district and its insurer then brought an action for injunctive and declaratory relief in federal court, asking the district court to enjoin the tribal court proceedings because they alleged the tribal court lacked subject matter jurisdiction. <u>Id.</u> at 848.

On appeal, the United States Supreme Court found that the school district's action to enjoin the tribal court from acting conferred upon the district court federal question jurisdiction. The Court discussed the evolution of Indian sovereignty in the United States, noting that at one point tribal sovereignty over occurrences on tribal land was "virtually unlimited," but that tribal sovereignty has been circumscribed by federal law in the form of statutes, treaties, administrative regulations, and judicial decisions. <u>Id.</u> at 851. With regard to the claim before it, the court stated:

> In this case the petitioners contend that the Tribal Court has no power to enter a judgment against them. Assuming that the power to resolve disputes arising within the territory governed by the Tribe was once an attribute of inherent tribal

> sovereignty, the petitioners, in essence, contend that the Tribe has to some extent been divested of this aspect of sovereignty. More particularly, when they invoke the jurisdiction of a federal court under § 1331, they must contend that federal law has curtailed the powers of the Tribe, and thus afforded them the basis for the relief they seek in federal court.
>
> The question whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a "federal question" under § 1331. Because petitioners contend that federal law has divested the Tribe of this aspect of sovereignty, it is federal law on which they rely as a basis for the asserted right of freedom from Tribal Court interference. They have, therefore, filed an action "arising under" federal law within the meaning of § 1331. The District Court correctly concluded that a federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction.

Id. at 851-52.

The Eighth Circuit was confronted with a similar situation in Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412 (8th Cir. 1996), when a construction company contracted with an Indian tribe for the construction and operation of a casino. After a dispute arose relating to the contract, the construction company filed a demand for arbitration. Id. The Tribe then filed an action in tribal court seeking a declaration that the contract, including the arbitration clause, was void and seeking a preliminary injunction enjoining the arbitration process until after the tribal court ruled. Id. at 1415-16. The construction company appeared specially in tribal court and unsuccessfully argued that the tribal court lacked jurisdiction. Id. at

1416. The construction company then filed an action in district court seeking a preliminary injunction enforcing the arbitration clause and barring the tribal court from interfering with the arbitration. Id. The tribe moved to dismiss the federal action for lack of subject matter jurisdiction. Id.

The Eighth Circuit concluded that the district court had federal question jurisdiction. Although it recognized that the determination of the validity of the underlying contract did not present a federal question, the Eighth Circuit found that federal question jurisdiction existed because the construction company was seeking to enjoin proceedings in a tribal court based upon the argument that the tribal court lacked jurisdiction. Id. at 1421. The court stated, "[t]he existence of tribal court jurisdiction itself presents a federal question within the scope of 28 U.S.C. § 1331." Id. at 1421-22 (citing National Farmers Union, 471 U.S. at 852-53).

In the present case, OST alleges that a state court, not a tribal court, is improperly asserting jurisdiction. Although this court recognizes that this situation is distinguishable from that confronted in National Farmers Union and Bruce Lien, the court finds the reasoning of those cases controlling. See Aernam v. Nenno, 2006 WL 1644691 at *5 (W.D.N.Y) (unpublished) (finding that there was no forceful argument against applying the reasoning of National Farmers Insurance to find federal question jurisdiction when a

tribal member sought in federal court to enjoin a state court action filed by a non-Indian).

Both National Farmers Union and Bruce Lien recognize that because tribal sovereignty is limited only by federal law, any challenge to the tribal court's jurisdiction necessarily arises under federal law. By seeking declaratory and injunctive relief to prevent the state court from adjudicating the underlying action, OST is essentially arguing that the tribal court **has not** been divested of jurisdiction over the underlying action. This claim by OST requires reference to federal law in the same manner as a claim that a tribal court **has been** divested of jurisdiction. The action therefore arises under federal law and confers federal question jurisdiction upon this court. See also Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14, 107 S. Ct. 971, 94 L. Ed. 2d 10 (1987) ("If state court jurisdiction over Indians or activities on Indian lands would interfere with tribal sovereignty and self-government, the state courts are generally divested of jurisdiction as a matter of federal law."); Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 848 (8th Cir. 2003) ("[A]n action filed in order to avoid tribal court jurisdiction necessarily asserts federal law.").

This conclusion is supported by the Federal Government's "longstanding policy of encouraging tribal self-government." LaPlante, 480 U.S. at 14 (collecting cases). In this case, the contracts at issue in this

9

dispute were entered into on the Pine Ridge Indian reservation, all construction work under the contracts took place on the Pine Ridge Indian reservation, all the funds for the road work were federal monies allocated by the Bureau of Indian Affairs, one of the parties to the contract was a federally recognized Indian tribe, and the roads subject to construction under the four contracts were Bureau of Indian Affairs' Roads that are part of the federal roadway system.  An attempt to divest the tribal court of jurisdiction over the matter is a direct threat to the Tribe's sovereignty and therefore, the federal interest in encouraging tribal self-government supports the extension of federal question jurisdiction to this case.

The court's finding of jurisdiction is also consistent with that of other courts which have reached the issue.  In Tohono O'odham Nation v. Schwartz, 837 F. Supp. 1024 (D. Ariz. 1993), a non-Indian contractor filed an action against the tribe's housing authority in state court based on an alleged breach of contract involving an Indian housing project.  After Tohono O'odham Nation's motion to dismiss the state court action for lack of subject matter jurisdiction was denied, Tohono O'odham Nation filed a suit in federal court to enjoin the state court proceedings, invoking jurisdiction under 28 U.S.C. § 1331 and § 1362.  Id. at 1027.  In a well-reasoned opinion the court found it had jurisdiction, holding that "federal courts do have jurisdiction and authority to enjoin state court proceedings when it is

necessary to preserve the integrity of Indian sovereignty. Id. at 1028 (citing White Mountain Apache Tribe v. Smith Plumbing Co., 856 F.2d 1301, 1304-06 (9th Cir. 1988)).

In Bowen v. Doyle, 880 F. Supp. 99 (W.D.N.Y. 1995), a federal district court implicitly found it had subject matter jurisdiction based upon an alleged usurpation of tribal sovereignty, when it enjoined a state court from further decision regarding a dispute involving the internal affairs of a recognized Tribe.[2] On appeal, the Second Circuit affirmed the decision of the district court. Bowen v. Doyle, 230 F.3d 525 (2d Cir. 2000). See also Aernam, 2006 WL 1644691 at *5 (relying in part on Bowen in support of finding jurisdiction to enjoin a state court action in an action for divorce).

In summation, this court finds that the present action filed by OST to enjoin the state court from exercising jurisdiction arises under federal law. OST has therefore alleged jurisdiction under 28 U.S.C. § 1331. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction (Docket 10) is denied.

---

[2] In granting the preliminary injunction, the court in Bowen discussed at length why neither the Anti-Injunction Act, the Younger abstention doctrine, nor the Rooker/Feldman doctrine precluded it from enjoining a state court action. At this stage in this litigation the court is only required to determine whether it has jurisdiction over OST's complaint, and therefore it does not need to address those issues.

IT IS FURTHER ORDERED that OST's motion to dissolve the stay (Docket 40) is denied as moot. Pursuant to the terms of the stay, the stay dissolved automatically upon this court's ruling on defendant's motion to dismiss.

Dated August 13, 2007.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE