UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE, | ) | CIV. 07-5024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | TEMPORARY RESTRAINING |
| C & W ENTERPRISES, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff, Oglala Sioux Tribe, moves for a temporary restraining order (TRO) to prevent the execution and levy of tribal funds held by the Bureau of Indian Affairs, the South Dakota Department of Revenue, and First National Bank of Gordon, Nebraska. The Oglala Sioux Tribe served the motion on defendant, C & W Enterprises, Inc. (C & W Enterprises), which has not responded. The Oglala Sioux Tribe's request for a TRO is granted.

## BACKGROUND

The Oglala Sioux Tribe and C & W Enterprises entered into four contracts obligating C & W Enterprises to perform road construction on the Oglala Sioux Pine Ridge Indian Reservation in 2002 and 2003. After disputes arose concerning C & W Enterprises' performance and payment thereunder, the parties unsuccessfully attempted to resolve their disputes through non-binding mediation in 2005. On January 17, 2006, C & W Enterprises filed a claim with the American Arbitration Association concerning all four contracts.

On January 29, 2007, the arbitrator entered a final award of $1,250,552.58 in favor of C & W Enterprises. That day, C & W Enterprises filed an action in South Dakota state court to confirm the arbitration award. The Oglala Sioux Tribe did not answer, and default judgment was entered in favor of C & W Enterprises on May 29, 2007. Meanwhile, the Oglala Sioux Tribe filed suit in the Oglala Sioux Tribal Court on April 30, 2007, and the Tribal Court vacated the arbitral award. The Tribal Court's decision was affirmed by the Supreme Court of the Oglala Sioux Tribe on March 29, 2008. The Oglala Sioux Tribe also filed suit in this court on March 16, 2007, challenging the state court's jurisdiction to confirm or allow execution on the arbitral award. The court's grant of a permanent injunction barring the state court from exercising jurisdiction over this matter was reversed by the Court of Appeals for the Eighth Circuit, which held that the Oglala Sioux Tribe waived its sovereign immunity on all four contracts and that the state court has jurisdiction to confirm the arbitral award and enter judgment thereon. Oglala Sioux Tribe v. C & W. Enter., Inc., 542 F.3d 224 (8th Cir. 2008).

On March 17, 2009, C & W Enterprises served a garnishment summons on the Bureau of Indian Affairs requesting any property belonging to the Oglala Sioux Tribe; served an execution on personal property, accounts, and any state revenue the Oglala Sioux Tribe may be owed by the South Dakota Department of Revenue; and served a levy on First National Bank. The Oglala Sioux Tribe

2

moves for a TRO against the execution and levy of tribal funds by C & W Enterprises.

## DISCUSSION

When ruling on a motion for a TRO, the court must consider (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other parties; (3) the likelihood of success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981).

### 1. **Threat of Irreparable Harm**

The Oglala Sioux Tribe will suffer irreparable harm if the tribal funds are garnished by C & W Enterprises. Theresa Two Bulls, President of the Oglala Sioux Tribe, states that the levy served on First National Bank contains funds provided by the federal government to the tribe so that the tribe can provide basic government services. Affidavit of Theresa Two Bulls, Docket 85-2, ¶ 2. The money subject to this levy funds the Ambulance Service, the Department of Public Safety, Community Health Representatives (which transports dialysis patients), nutrition for the elderly, child care, and other basic services. Id. The money in the Oglala Sioux Tribe's accounts at First National Bank is also used for payroll, according to Payroll Accountant Toni Montileaux. Affidavit of Toni Montileaux, Docket 85-3, ¶ 3. Over 900 employees, involved with over 40 federally-funded programs on the Pine Ridge Indian Reservation, are on the

Oglala Sioux Tribe's payroll. Id. ¶ 2. The next payroll is due Thursday, March 26, 2009. Id. ¶ 4. The Oglala Sioux Tribe has no cash flow to cover payroll if the money in the First National Bank accounts is levied. Id. ¶ 5.

Two Bulls also states that the sales tax revenues held by the South Dakota Department of Revenue are already encumbered for revenue bonds that underwrite tribal utilities like water, sewer, and solid waste. Two Bulls Affidavit ¶ 3. Execution of this money would put the tribe in default on its revenue bonds, harming the tribe's credit rating and preventing it from obtaining funds needed for utility services. Id. The issuance of revenue bonds also funds road construction and the construction of community buildings and facilities. Montileaux Affidavit ¶ 11.

**2.     Injury to Other Parties**

The Oglala Sioux Tribe and C & W Enterprises entered into the construction contracts, which, in part, form the basis of this lawsuit, in 2002 and 2003. Further, this case was filed on March 16, 2007, and has been pending for over two years. See Docket 1. Therefore, according to C & W Enterprises, over six years have lapsed since it was entitled to payment from the Oglala Sioux Tribe. Prohibiting C & W Enterprises from obtaining tribal funds to satisfy its state court judgment against the Oglala Sioux Tribe for an additional seven business days pursuant to a TRO will injure neither C & W Enterprises nor other interested parties. The TRO will not detrimentally affect

4

C & W Enterprises' ability to run its business and will not cause it significant financial loss. Also, there is no evidence that not allowing C & W Enterprises to garnish tribal funds for a limited amount of time will harm the public. Immediate availability of tribal funds is not necessary to prevent any injury to C & W Enterprises. Because garnishment harms the Oglala Sioux Tribe more than C & W Enterprises, this factor favors the Oglala Sioux Tribe.

### 3. Likelihood of Success on the Merits

The moving party need not demonstrate a mathematical probability of success, such as greater than 50 percent. Heartland Academy Comm. Church v. Waddle, 335 F.3d 684, 690 (8th Cir. 2003). Instead, the movant must have a "fair chance of prevailing" after discovery, formal procedures, complete evidence, and a full trial on the merits. Id. Although the evidence provided in the current case does not overwhelmingly favor the Oglala Sioux Tribe, the court cannot say that it could not succeed on the merits.

"The general rule is that the United States, the states, and their political subdivisions and agencies, and public officials cannot be summoned as garnishees in any action, without statutory authorization or consent or waiver." 6 Am. Jur. 2d Attachment and Garnishment § 61. Courts have determined that this general principle of law is based upon public policy, noting that to allow garnishment on such entities would result in inconvenience and

5

detriment in the performance of public services.  See generally Knox County v. Melton, 105 S.W.2d 816, 817 (Ky. App. 1937) and First Nat. Bank v. Mays, 299 S.W. 1002, 1003 (Ark. 1927).  Indian tribes, like the United States and the states, are independent sovereign entities with obligations to provide public services.  Accordingly, based upon the record before the court at this time, it appears that the Oglala Sioux Tribe may not be summoned as a garnishee without authorization, consent, or wavier for the same public policy reasons that the United States and states cannot be subjected to garnishment.

But the court notes that at this juncture of the case, it is difficult for the court to determine the impact of the tribe's status on the ability of a party to garnish tribal funds.  Nevertheless, the court finds that the Oglala Sioux Tribe has adequately demonstrated a fair chance of prevailing.  Therefore, this factor does not disfavor granting a TRO.

### 4. Public Interest

The Oglala Sioux Tribe has a significant public interest in retaining the money in its accounts which would allow it to continue providing public services to its people.  The Oglala Sioux Tribe represents that all the funds that would be subject to garnishment are used by the tribe exclusively for utilities and essential government services and programs, such as law enforcement, medical services, and child protection.  See Docket 85 at 8-9.  Accordingly, the public has an interest in the tribe retaining the money in order to provide these

basic services. This factor favors issuing a TRO pending an evidentiary hearing on this matter.

## CONCLUSION

The Oglala Sioux Tribe has satisfied the four <u>Dataphase</u> factors to the extent necessary to support the requested TRO.

Accordingly, it is hereby

ORDERED that the Oglala Sioux Tribe's motion for an emergency TRO (Docket 84) is granted. C & W Enterprises is temporarily enjoined from executing and levying tribal funds. This TRO shall remain in effect until Friday, April 3, 2009, or further order of the court, whichever occurs later.

IT IS FURTHER ORDERED that the Oglala Sioux Tribe shall file with the Clerk a cash or surety bond, in the amount of $10,000, as security for this TRO.

IT IS FURTHER ORDERED that a hearing is set for **Friday, April 3, 2009, at 1:30 p.m.**, in Rapid City, South Dakota.

Dated March 25, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE