UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE, | ) | CIV. 07-5024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | PRELIMINARY INJUNCTION |
| C & W ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Oglala Sioux Tribe (the Tribe), moved for a temporary restraining order (TRO) and preliminary and permanent injunction to prevent defendant, C & W Enterprises, Inc. (C & W), from imposing an execution and levy on tribal funds held by the Bureau of Indian Affairs, the South Dakota Department of Revenue, and First National Bank of Gordon, Nebraska, on March 25, 2009. The court granted the Tribe's TRO motion the same day. Upon the court's request, the parties briefed the issues of jurisdiction, abstention, and the merits. An evidentiary hearing on the preliminary injunction request was held on April 3, 2009. Upon consideration of the parties' arguments, the court finds that the Anti-Injunction Act and principles of the Younger abstention prevent the court from enjoining C & W from executing and levying on tribal funds.

**BACKGROUND**

The Tribe and C & W entered into four contracts obligating C & W to perform road construction on the Oglala Sioux Pine Ridge Indian Reservation in 2002 and 2003. After disputes arose concerning C & W's performance and payment thereunder, the parties unsuccessfully attempted to resolve their disputes through non-binding mediation in 2005. On January 17, 2006, C & W filed a claim with the American Arbitration Association concerning all four contracts. On January 29, 2007, the arbitrator entered a final award of $1,250,552.58 in favor of C & W. That day, C & W filed an action in South Dakota state court to confirm the arbitration award. The Tribe did not answer and did not contest the state court's jurisdiction to modify, vacate, or correct the arbitration award. On May 27, 2007, the Circuit Court for the State of South Dakota entered default judgment in favor of C & W in the amount of $1,291,666.64.

Meanwhile, the Tribe filed suit in the Oglala Sioux Tribal Court on April 30, 2007, and the Tribal Court vacated the arbitral award. On March 29, 2008, the Supreme Court of the Oglala Sioux Tribe affirmed the Tribal Court's decision vacating the award, but remanded the matter to the Tribal Court to permit C & W to take discovery on the issue of whether the Tribe waived its sovereign immunity on one of the four contracts. The Tribal Court has not taken any action on remand.

The Tribe also filed suit in this court on March 16, 2007, challenging the state court's jurisdiction to confirm or allow execution on the arbitral award. This court's grant of a permanent injunction barring the state court from exercising jurisdiction over this matter was reversed by the Court of Appeals for the Eighth Circuit, which held that the Tribe waived its sovereign immunity on all four contracts and that the state court has jurisdiction to confirm the arbitral award and enter judgment thereon. Oglala Sioux Tribe v. C & W. Enter., Inc. (Oglala Sioux Tribe II), 542 F.3d 224 (8th Cir. 2008).

On March 17, 2009, C & W served a garnishment summons on the Bureau of Indian Affairs requesting any property belonging to the Tribe; served an execution on personal property, accounts, and any state revenue the Tribe may be owed by the South Dakota Department of Revenue; and served a levy on First National Bank. On March 25, 2009, the Tribe moved for a TRO enjoining C & W from executing and levying on tribal funds, and the court granted the motion, ordering that the TRO remain in effect until the later of Friday, April 3, 2009, or further order of the court.

**DISCUSSION**

**I.    Subject Matter Jurisdiction**

Before reaching the merits of the Tribe's motion, the court must determine whether it has subject matter jurisdiction. " 'Federal courts are courts of limited jurisdiction.' " Myers v. Richland County, 429 F.3d 740, 745

3

(8th Cir. 2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  Thus, the issue of subject matter jurisdiction can be raised at any time either sua sponte or by the parties.  See Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 612 (8th Cir. 2006).  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).

"Because the parties are not diverse, federal subject matter jurisdiction must rest on the presence of a federal question."  Oglala Sioux Tribe v. C & W Enter., Inc. (Oglala Sioux Tribe I), 487 F.3d 1129, 1130 (8th Cir. 2007) (explaining that Indian tribes are not considered foreign states or citizens of any state).  Under the federal question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim arises under federal law "if a federal cause of action appears on the face of a well-pleaded complaint."  Oglala Sioux Tribe I, 487 F.3d at 1131.

C & W argues that the court lacks jurisdiction to enjoin enforcement of C & W's state court judgment because the only federal issue is the Tribe's defense of tribal immunity.  "Under the well-pleaded complaint rule, the existence of a federal cause of action depends upon the plaintiff's claim rather than any defense that may be asserted by the defendant."  Id.  Thus, "[t]he

4

existence of a tribal immunity defense, for example, will not convert a claim based on state law into a federal cause of action, even though tribal immunity is a matter of federal common law and even if it might potentially resolve the case." Id. The Tribe argues that the question of whether state-court enforcement proceedings may be used to levy on tribal funds in a case where a tribal court and state court have issued conflicting rulings[1] is a federal question. The Tribe asserts that this is a question of the subject matter jurisdiction of each court, not a question of the Tribe's sovereign immunity.

This court previously ruled that it has federal question jurisdiction over this case:

> Both National Farmers Union [v. Crow Tribe of Indians, 471 U.S. 845, 105 S. Ct. 2447, 85 L. Ed. 2d 818 (1985)] and [Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F. 3d 1412 (8th Cir. 1996)] recognize that because tribal sovereignty is limited only by federal law, any challenge to the tribal court's jurisdiction necessarily arises under federal law. By seeking declaratory and injunctive relief to prevent the state court from adjudicating the underlying action, [the Tribe] is essentially arguing that the tribal court *has not* been divested of jurisdiction over the underlying action. This claim by [the Tribe] requires reference to federal law in the same manner as a claim that a tribal court *has been* divested of

---

[1] Defendants argue that the tribal court has not entered a judgment against C & W, so there are not conflicting judgments in this case. The opinion of the Oglala Sioux Tribal Court is denominated "Findings of Fact and Conclusions of Law," but it orders that "the arbitrator's orders dated November 14, 2006 and January 29, 2007 are hereby vacated." Docket 48-5. The tribal court and state court have issued conflicting rulings regarding the arbitral award, which contributes to the federal question at issue in this case. It is of no importance that the tribal court's decision is not denominated a "judgment" as recognized under South Dakota law.

> jurisdiction. The action therefore arises under federal law and confers federal question jurisdiction upon this court.

Order Denying Motion to Dismiss, Docket 43 at 9 (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 107 S. Ct. 971, 94 L. Ed. 2d 10 (1987) and Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 848 (8th Cir. 2003) ("[A]n action filed in order to avoid tribal court jurisdiction necessarily asserts federal law.")).

Now the Tribe seeks injunctive relief to prevent C & W from using state-court enforcement mechanisms to enforce its judgment against tribal assets. Although the Eighth Circuit has unequivocally found that the state court has jurisdiction to affirm the arbitral award and enter judgment against the Tribe, that court has not ruled on the jurisdiction of the tribal court over the arbitral award. Thus, the Tribe is again essentially arguing that the tribal court has not been divested of jurisdiction over the underlying action and that the tribal court retains jurisdiction over the enforcement of any judgment against the Tribe. This claim by the Tribe raises questions regarding the jurisdiction of the tribal court, and therefore requires reference to federal law. The Tribe's request for injunctive relief arises under federal law and therefore confers federal question jurisdiction upon this court.

## II. Anti-Injunction Act

Although the court has jurisdiction to enjoin enforcement of the state-court judgment, the Anti-Injunction Act bars the court from doing so. The Act

bars federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against any injunction of any state court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." In re Fed. Skywalk Cases, 680 F.2d 1175, 1181 (8th Cir. 1982). The three express exceptions are to be narrowly construed. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988). And "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." In re Fed. Skywalk Cases, 680 F.2d at 1181 (quoting Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)).

The Tribe's request for injunctive relief falls under the Anti-Injunction Act. It is of no importance that the Tribe seeks to enjoin C & W from executing or levying on tribal funds, rather than to enjoin state court proceedings directly. See Atlantic Coast, 398 U.S. at 287 ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding."). Further, the state-court enforcement proceedings are part of the proceedings of

7

the underlying contract dispute, and therefore fall under the Anti-Injunction Act. Interpreting an earlier version of the Act, Justice Brandeis found,

> [the phrase] "proceedings in any court of a State" . . . is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies . . . not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective.

Hill v. Martin, 296 U.S. 393, 403, 56 S. Ct. 278, 80 L. Ed. 293 (1935). Thus, the state-court executions and levies initiated by C & W constitute proceedings in a state court, and this court cannot enjoin these proceedings, directly or indirectly, unless one of the three express exceptions applies.

For an injunction to fall within the "expressly authorized" exception of the Anti-Injunction Act, it must be provided for by an Act of Congress that "created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, [that] could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972). "The test . . . is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." Id. at 238. But the authorizing statute need not expressly refer to the Anti-Injunction Act or expressly authorize an injunction of a state court proceeding in order to qualify as an exception. Id. at 237.

Here, the Tribe does not point to any statute authorizing the court to enjoin an ongoing state enforcement proceeding. The Tribe fails to cite any statutory support in its motion for an injunction. The Tribe cites a number of statutes purportedly giving the court jurisdiction over the claims in its amended complaint. See Docket 48, ¶ 7 (citing 28 U.S.C. § 1331, 28 U.S.C. § 1362, 9 U.S.C. § 10, 25 U.S.C. § 450, and 28 U.S.C. § 2201). The federal question statute, 28 U.S.C. § 1331, and the Indian tribes jurisdiction statute, 28 U.S.C. § 1362, give the court jurisdiction over certain cases, but do not empower the court to grant particular relief. The Federal Arbitration Act, 9 U.S.C. § 10, gives federal courts the authority to vacate an order of an arbitrator under certain circumstances, but says nothing about the power of courts to enjoin state-court proceedings. The Indian Self-Determination and Education Assistance Act authorizes federal courts to enforce contracts authorized by the Act through injunctive relief against *federal* officers and agencies, but is silent as to injunctive relief against state courts. See 25 U.S.C. § 450m-1. Finally, the Declaratory Judgment Act, 28 U.S.C. § 2201, gives federal courts the power to declare the rights and legal relations of parties, but says nothing about enjoining state court proceedings. In sum, none of the acts cited by the Tribe clearly creates a federal right or remedy, enforceable in a federal court of equity, that could only be given its intended scope by the stay of state court proceedings. The "expressly authorized exception" does not allow

the court to issue an injunction stopping the state-court enforcement proceedings in this case.

The court previously found that the "necessary in aid of its jurisdiction" exception applied in this case. Order Granting Injunction, Docket 63 at 6 ("This exception has been expressly held to permit Indian tribes to bring federal court suits to enjoin state court proceedings where the threshold issue is whether the state court has jurisdiction over the subject matter of the dispute.") (quoting <u>Bowen v. Doyle</u>, 880 F. Supp. 99, 130 (W.D.N.Y. 1995)). C & W correctly points out that the issue of whether the state court has subject matter jurisdiction over the underlying contract dispute has been resolved, so this court's prior reasoning regarding the "necessary in aid of its jurisdiction" exception does not apply at this posture. Moreover, the court acknowledges that the "necessary in aid of its jurisdiction" exception usually only applies to rem proceedings. As the Eighth Circuit has explained,

> Although the "necessary in aid of" exception to § 2283 may be fairly read as incorporating this historical in rem exception, . . . [t]he traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance.

<u>In re Federal Skywalk Cases</u>, 680 F.2d at 1183.

Because the state-court, tribal-court, and federal-court actions involved in this case are all in personam proceedings, the injunction sought by the Tribe does not fit within the "necessary in aid of its jurisdiction" exception. See <u>In re</u>

BankAmerica Corp. Sec. Litig., 263 F.3d 795, 801 (8th Cir. 2001) ("Because both the state-court and federal-court actions are in personam proceedings, the Desmond injunction does not fit within the Anti-Injunction Act's exception for injunctions in aid of the district court's jurisdiction."). The cases relied on by the Tribe and cited by the court in its previous ruling simply do not reflect the law in the Eighth Circuit. See Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1068 n.4 (8th Cir. 1996) (referring to the "necessary in aid of its jurisdiction" exception as "the 'in rem' exception.").

Finally, the "necessary to protect or effectuate" exception does not apply in this case. This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Chick Kam Choo, 486 U.S. at 147. This court has not decided the issue of whether C & W may use the state-court process to enforce its state-court judgment against the Tribe, so there is no relevant federal-court judgment to be protected.

The Tribe argues that the Anti-Injunction Act does not apply in this case, citing as support Joe v. Marcum, 621 F.2d 358 (10th Cir. 1980) and DeMent v. Oglala Sioux Tribal Court, 874 F.2d 510 (8th Cir. 1989) for support. In DeMent, the claimant did not seek injunctive relief, and the federal court did not discuss it. See DeMent, 874 F.2d at 512-13. Thus, DeMent is clearly inapplicable.

In Joe, 621 F.2d at 360, the United States Court of Appeals for the Tenth Circuit affirmed the district court's grant of a permanent injunction enjoining enforcement of a state-court writ of garnishment that attached wages earned by the plaintiff during his employment on the Navajo Reservation. Although the Anti-Injunction Act would seem to apply in Joe, the Tenth Circuit did not address it. The court finds that because the "expressly authorized" exception probably applied in Joe, the Tenth Circuit's failure to vacate the injunction does not mean the Anti-Injunction Act does not apply in this case. In Joe, the claimant alleged jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Id. at 360. The Tenth Circuit also found that federal question jurisdiction could be based on the Commerce and Treaty Clauses of the United States Constitution, the Civil Rights Act of 1968, 25 U.S.C. §§ 1321-26, and the equitable grounds set forth in 28 U.S.C. § 1343(4). Id. at 1361. The Tenth Circuit did not clarify which statutory and/or constitutional provision supported the district court's issuance of a permanent injunction, so it is reasonable to assume that this ruling was based in part on § 1983. The Supreme Court has found that § 1983 falls within the "expressly authorized" exception to the Anti-Injunction Act. Mitchum, 407 U.S. at 243. The Tribe admits that § 1983 is not at play in this case, so Joe is distinguishable. Further, it would be inconsistent with the command that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be

resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy," for this court to find that the Anti-Injunction Act does not apply in this case based on a Tenth Circuit case that is silent on the applicability of the Act. See In re Fed. Skywalk Cases, 680 F.2d at 1181.

None of the exceptions listed in the Anti-Injunction Act applies, so the court cannot grant an injunction enjoining C & W from enforcing its judgment through state-court enforcement proceedings. This is true even though this court has found that the Tribe's motion for an injunction raises issues of federal law regarding the subject matter jurisdiction of the state court to execute or levy on tribal assets when there are conflicting tribal-court and state-court decisions on the validity of the underlying judgment. "[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even where the interference is unmistakably clear." Chick Kam Choo, 486 U.S. at 149. The Tribe must address its federal issues in state court. "[W]hen a state proceeding presents a federal issue, . . . the proper course is to seek resolution of that issue by the state court." Id.

### III. <u>Younger</u> Abstention

Even if the Anti-Injunction Act did not apply, this court could not enjoin C & W's enforcement proceedings based on the principles of the <u>Younger</u> abstention. In <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that

> [w]hen a state criminal proceeding under a disputed state criminal statute is pending against a federal plaintiff at the time his federal complaint is filed, . . . unless bad-faith enforcement or other special circumstances are demonstrated, principles of equity, comity, and federalism preclude issuance of a federal injunction restraining enforcement of the criminal statute.

<u>Steffel v. Thompson</u>, 415 U.S. 452, 454, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974). The Supreme Court has extended the application of <u>Younger</u> abstention to cases where "certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 11, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). <u>Younger</u> abstention is appropriate where the following factors are satisfied: "(1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." <u>Aaron v. Target Corp.</u>, 357 F.3d 768, 774 (8th Cir. 2004).

All three factors are present in this case. First, there is an ongoing state proceeding. In the Matter of the Arbitration between C & W Enterprises v.

Oglala Sioux Tribe, Civ. No. 07-389, is pending in the Second Circuit Court of the State of South Dakota. It is in this action that the state court entered judgment in favor of C & W, and it is pursuant to this judgment that C & W is attempting to collect the money it is owed. As noted, the enforcement proceedings initiated by C & W are part of this ongoing state proceeding.

Second, important state interests are implicated by C & W's enforcement efforts. The Supreme Court has found that States have an important interest in enforcing the orders and judgments of their courts. In Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977), the Supreme Court held that federal courts should abstain from enjoining state-court contempt proceedings. In Pennzoil, the Court relied on Juidice to find that federal courts should abstain from adjudicating constitutional challenges to state-court enforcement proceedings where the constitutional issues were not presented to the state court:

> The reasoning of Juidice controls here. That case rests on the importance to the States of enforcing the orders and judgments of their courts. There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both Juidice and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.

Pennzoil, 481 U.S. at 13. Like in Pennzoil, here the State court's interest in enforcement of its judgments is an important state interest. The existence of a federal question regarding concurrent state and tribal court jurisdiction does not undermine this interest.

Finally, the state-court proceedings provide an adequate opportunity to raise constitutional challenges. Though the state court has not addressed the Tribe's federal issues, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. at 15. Here, the Tribe has not presented its federal issues to the state court, so this court is bound to assume that the final factor is present.

The Tribe does not argue that any of the exceptions to the Younger abstention apply, and the court is unaware of any facts showing bad faith or other special circumstances that would overcome the principles of equity, comity, and federalism that require the court to abstain from enjoining the state-court enforcement proceedings in this case. Because all three factors supporting the Younger abstention are present, this court must abstain from enjoining C & W from pursuing state-court enforcement procedures against tribal assets.

Accordingly, it is hereby

16

ORDERED that the Tribe's motion for a preliminary injunction is denied and the TRO previously entered by the court is hereby dissolved.

Dated April 6, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE